ALD-086                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3272
_____

UNITED STATES OF AMERICA

v.

GILBERTO RAMOS, a/k/a GBay,
                                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 5-15-cr-00272-001)
District Judge:  Honorable Joseph F. Leeson, Junior

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
on February 4, 2021

Before: MCKEE, GREENAWAY, Jr., and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 24, 2021)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Gilberto Ramos appeals the District Court's order denying his motion for compassionate release. The Government has filed a motion for summary affirmance. For the reasons discussed below, we grant the Government's motion and will summarily affirm the District Court's judgment.

In 2016, Ramos was convicted of four counts involving the possession or distribution of methamphetamine and sentenced to 151 months' imprisonment. Ramos appealed the criminal judgment but then voluntarily withdrew his appeal. See C.A. No. 16-1167.

In May 2020, Ramos filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). See ECF No. 85. He argued that the District Court should release him because his asthma places him at an increased danger from the COVID-19 pandemic, he has changed his life for the better while in prison, and he wishes to help care for his son. The District Court denied the motion, concluding both that Ramos had not shown that "extraordinary and compelling reasons warrant such a reduction" in sentence, § 3582(c)(1)(A)(i), and that the 18 U.S.C. § 3553(a) factors counseled against release. See ECF No. 91. Ramos filed a notice of appeal, and the Government has moved for summary affirmance.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir.

2

2020). We may summarily affirm if "no substantial question is presented" by the appeal. 3d Cir. L.A.R. 27.4.

We will grant the Government's motion. The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." § 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," § 3553(a)(2)(A)–(C).

We discern no abuse of discretion in the District Court's conclusion that a number of the § 3553(a) factors weighed against granting compassionate release here.[1] As the Court explained, Ramos has a lengthy criminal history—he had been convicted seven times before the methamphetamine offenses that led to his current incarceration—which includes several violent offenses. See ECF No. 91 at 10 (noting that "[t]he facts underlying his simple assault convictions, as well as his theft conviction, are particularly

---

[1] Based on this conclusion, we need not address whether "extraordinary and compelling reasons warrant" a reduction in Ramos's sentence. 18 U.S.C. § 3582(c)(1)(A)(i).

3

violent and disturbing"). The District Court thus did not err in finding that "Ramos presents a danger to the community if released." Id. Nor can we say that the Court erred in treating Ramos's methamphetamine offenses as serious and militating against early release. Finally, it was reasonable for the District Court to conclude that the fact that Ramos still had about five-and-a-half years[2] of his sentence remaining worked against him. See, e.g., Pawlowski, 967 F.3d at 330. We therefore do not have "a definite and firm conviction that [the District Court] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (alteration omitted) (quoting Oddi v. Ford Motor Co., 234 F.3d 136, 146 (3d Cir. 2000)).

Accordingly, we grant the Government's motion[3] and will summarily affirm the District Court's judgment.

---

[2] Ramos argues that the District Court should have considered not the amount of time remaining on the sentence as initially imposed by the District Court, but on the time until he might be eligible to be admitted to a halfway house. Br. at 6. In Pawlowski, we focused on the time remaining on the total sentence, explaining that "[b]ecause a defendant's sentence reflects the sentencing judge's view of the § 3553(a) factors at the time of sentencing, the time remaining in that sentence may . . . inform whether immediate release would be consistent with those factors." 967 F.3d at 331. In any event, even using the alternative dates that Ramos proposes, we would not find that the District Court abused its discretion in denying his motion.

[3] In its motion for summary action, the Government also sought permission to be relieved of its obligation to file a brief; that request is granted.